**G.H.C. REID & CO., INC., Plaintiff,**

**v.**

**K.M.S.T., K.M.S.T. WHOLESALE, and J.J. YONG, Defendants.**

---

**G.H.C. REID & CO., INC., Plaintiff,**

**v.**

**PETELO UTI and SO EUN JOO, Individually and dba MALAEIMI VALLEY MARKET, Defendant-Garnishees.**

High Court of American Samoa
Trial Division

CA No. 78-89

July 22, 1997

100

Before KRUSE, Chief Justice, AFUOLA, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Jennifer L. Joneson
For Defendants/Garnishees, Marshall Ashley
For Defendant, J.J. Yong, Malaetasi M. Togafau

## ORDER GRANTING MOTION FOR A STAY OF EXECUTION

### Introduction

On January 16, 1990, this court entered judgment against defendants K.M.S.T., K.M.S.T. Wholesale, and J.J. Yong ("Yong") in favor of Plaintiff G.H.C. Reid & Co., Inc., ("Reid") in the sum of $48,804.11 plus court costs of $50 and interest calculated at 6% per annum.

After years of trying to recover on the judgment, Reid joined Petelo Uti ("Uti") and So Eun Joo ("Joo"), individually and dba Malaeimi Valley Mart ("MVM") as Garnishee/Defendants.

On July 1, 1997, this court declared that as a matter of equity, Yong constructively possesses MVM's assets; the court held that MVM's assets could be used to satisfy Reid's January 16, 1990, judgment against Yong.

On July 4, 1997, MVM filed a motion for reconsideration or a new trial. The Clerk set the hearing on the motion for August 4, 1997.

On July 15, 1997, MVM moved to stay execution of the judgment against MVM pursuant to T.C.R.C.P. 62(b). On July 18, 1997, this court held a hearing on the motion.

### Discussion

 T.C.R.C.P. 62(b) provides that "[i]n its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial." This court will not grant a stay of judgment pending appeal "automatically or casually." *See Asifoa v. Lualemana*, 17 A.S.R.2d 10, 12 (App. Div. 1990). Instead, because a stay of execution is essentially a form of injunctive relief, the court will "balance the equities" and determine whether or not the motion for reconsideration is likely to be successful. *See Lutali v. Foster*, 24 A.S.R.2d 81, 82 (Trial Div. 1993) (citing *Asifoa*, 17 A.S.R.2d at 13).

101

At the hearing on the motion for a stay of execution, Yong's counsel failed to present any argument on the issue of the likelihood of success of the motion for reconsideration. In the vast majority of cases, the absence of a showing that the movant is likely to prevail on the merits of the appeal is fatal to a motion to stay execution of judgment. *See, e.g., Lutali*, 24 A.S.R.2d at 83.

However, we believe that the court's discretion under T.C.R.C.P. 62(b) is broad enough to permit us nevertheless to seek a just result. *See Carpenters Fiji v. Pen*, 29 A.S.R.2d 58, 60 (Trial Div. 1995) (Order in Aid of Judgment) ("equitable principles and broad powers apply equally well to circumstances where a judgment debtor seeks a stay of execution"). To close down MVM and liquidate its assets is not in the best interest of either party.

Yong would have us balance the equities in his favor by creating a monthly repayment schedule for satisfaction of the debt over the course of one year. *See Huff v. Huff*, 15 A.S.R.2d 83, 86 (Trial Div. 1990). However, Yong is in no position to claim that he is entitled to a year-long repayment schedule without posting some kind of security, as T.C.R.C.P. 62(b) expressly contemplates. Yong has demonstrated to this court that he is capable of crafting schemes to deprive creditors of judgment satisfaction.

Therefore, we believe that the balance of equities favors granting a stay of execution *only* if Yong deposits with the court a cash bond or irrevocable letter of credit from a financial institution for the *entire amount of the debt*, including interest and costs accruing to date. We have little doubt that a business with approximately three million dollars in annual sales and over $200,000 in annual profits (according to representations of MVM's counsel) will be able to post bond or convince a bank, insurance company, or other financial institution to provide an irrevocable letter of credit.[1]

Therefore, this court hereby stays execution of Reid's judgment against Yong and MVM until Friday, July 25, 1997, at 4:00 p.m. If Yong fails to present a cash bond or irrevocable letter of credit to the High Court for the entire amount of the judgment before this juncture, then the stay hereby granted will cease and the Marshal shall execute the writ of execution heretofore entered against MVM for the entire amount of the

---

[1] At the hearing on the motion for a stay of execution, Yong's counsel claimed that negotiations with financial institutions were unavailing. We trust that this court's order will lubricate the process of obtaining adequate security by assuring the financial institutions that MVM will be an active operation once the cash bond or irrevocable letter of credit is filed with the High Court.

debt. If Yong posts sufficient security, as T.C.R.C.P. 62(b) expressly contemplates, then the Court Marshall shall remove the locks on MVM and stay execution of judgment until an order is issued disposing of the motion for reconsideration.[2]

## Conclusion and Order

Accordingly, the motion for a stay of execution is granted.

It is so Ordered.

---

[2] We note that because Yong has moved for a stay of execution pursuant only to T.C.R.C.P. 62(b), the stay of execution would not extend automatically to the date of issuance of an appellate opinion, if an appeal becomes necessary.